UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, <br> 1 Tower Square <br> Hartford, Connecticut 06183 <br><br> **Plaintiff** <br><br> v. <br><br> FARRUGGIO PROPERTIES II, LLC <br> 6908 South Ridge Drive <br> McLean, Virginia 22101 <br><br> and <br><br> TATYANA MILLER, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF SHERYL LONG <br> 6922 Anderson Way Apt. 101 <br> Laurel, Maryland 20707 <br><br> **Defendants** | Case No. _____ |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Travelers Casualty Insurance Company of America ("Travelers"), by counsel, pursuant to 28 U.S.C. § 2201, Rule 57 of the Federal Rules of Civil Procedure, and the Local Rules of the United States District Court for the Eastern District of Virginia, states as follows for its Complaint for Declaratory Judgment against Defendant, Farruggio Properties, II, LLC ("Farruggio") and Defendant, Tatyana Miller, individually and as personal representative of the Estate of Sheryl Long (the "Estate of Sheryl Long").

1

## PARTIES

1. Plaintiff Travelers is an insurance company organized and existing under the laws of the State of Connecticut with a principal place of business in Hartford, Connecticut. Travelers is and at all time relevant was an insurance carrier eligible to do business as an insurer in the Commonwealth of Virginia.

2. Defendant Farruggio is a limited liability company domiciled in the Commonwealth of Virginia.

3. Defendant Tatyana Miller, individually, is an adult citizen of the United States and a resident of Prince George's County in Maryland and daughter of decedent, Sheryl Long. Tatyana Miller is the personal representative of the Estate of Sheryl Long and has a last known address of 6922 Anderson Way, Apartment 101, Laurel, Maryland 20707.

4. All necessary and indispensable parties to this adjudication have been properly joined herein.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between the parties and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6. The venue of this action is properly predicated on 28 U.S.C. § 1391, 28 U.S.C. § 127, and Rule 3 of the Local Rules of the United States District Court for the Eastern District of Virginia, in that jurisdiction is founded on diversity of citizenship and this action is brought in the judicial district and division in which Defendant Farruggio resides, and/or in which Defendant Farruggio is subject to personal jurisdiction, including the delivery of the Commercial General Liability Policy (described below) to the named insured, Farruggio.

## THE UNDERLYING ACTION

7. On May 27, 2021, the Estate of Sheryl Long filed a Complaint against Farruggio, and others, in the Circuit Court for Prince George's County in Maryland, Case No. CAL21-05884 (the "Underlying Action"). A copy of the Complaint in the Underlying Action is attached as **Exhibit A**.

8. In the Underlying Action, it is alleged that at all relevant times, Farruggio owned the real property located at 14500 Laurel Place, Laurel, Prince George's County, Maryland, 20707 (the "premises").

9. In the Underlying Action, it is alleged that on or about July 16, 2018, Sheryl Long, the decedent of the Estate of Sheryl Long, was a business invitee at the premises when she fell on stairs located at the main entrance and exit of the facility located on the premises.

10. In the Underlying Action, it is alleged that the decedent of the Estate of Sheryl Long, fell on the above-referenced stairs due to the lack of handrails and an otherwise dangerous condition of the stairs.

11. In the Underlying Action, it is alleged that as a result of her fall on the above-referenced stairs, the decedent of the Estate of Sheryl Long sustained serious injuries that subsequently caused her death.

12. In the Underlying Action, the Estate of Sheryl Long seeks damages economic and non-economic damages plus interest and costs.

13. The Estate of Sheryl Long is therefore a necessary and proper party to this action pursuant to Rule 19(a) of the Federal Rules of Civil Procedure.

14. Farruggio was served with the Underlying Action, including the Writ of Summons, Complaint, Certificate of Discovery, Interrogatories and Request for Production of Documents,

and Information Sheet by way of certified mail on June 23, 2021. A copy of the executed Certified Mail Receipt is attached as **Exhibit B**.

15. The first notice of the Underlying Action or the events that occurred on or about July 16, 2018 provided to Travelers was from Farruggio on February 22, 2022.

## THE INSURANCE CONTRACT

16. Travelers issued to Farruggio a Commercial General Liability Policy bearing policy number 680 2499M318 18 42, effective from May 13, 2018 through May 13, 2019 (the "Travelers Policy").

17. A true, accurate, and certified copy of the Travelers Policy is attached as **Exhibit C** and is incorporated by reference as if fully stated herein.

18. The Travelers Policy provides liability insurance coverage pursuant to the terms, conditions, limitations, exclusions, definitions, and other provisions of the Travelers Policy.

19. The Travelers Policy provides such liability insurance coverage subject to the policy limits of $1,000,000 each occurrence and $2,000,000 general aggregate.

20. There are no other insurance policies issued or written by Travelers, or any affiliate insurance carrier of Travelers, that could afford insurance coverage or benefits to Farruggio for the claims and causes of action hereinafter described other than the Travelers Policy at issue.

## FIRST CAUSE OF ACTION – DECLARATORY RELIEF
## AGAINST THE DEFENDANTS

21. Travelers realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 20 as though fully set forth herein.

22. Travelers asserts that it owes no duty to defend or indemnify Byrne with respect to the Underlying Action pursuant to operation of the terms, conditions, exclusions, endorsement, and other provisions of the Travelers Policy.

23. The Travelers Policy provides, in relevant part:

**SECTION I – COVERAGES**
**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. Insuring Agreement

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

24. The Travelers Policy defines "bodily injury" as follows:

"Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

25. The Travelers Policy defines "occurrence" as follows:

"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

26. The Travelers Policy also states, in relevant part:

SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS

**2.   Duties In The Event Of Occurrence, Offense, Claim Or Suit**

   a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

   (1) How, when and where the "occurrence" or offense took place;

   (2) The names and addresses of any injured persons and witnesses; and

   (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

    b.    If a claim is made or "suit" is brought against any insured, you must:

        (1)    Immediately record the specifics of the claim or "suit" and the date received; and

        (2)    Notify us as soon as practicable.

            You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

    c.    You and any other involved insured must:

        (1)    Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

        (2)    Authorize us to obtain records and other information;

        (3)    Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and ….

27.    The fall that is the subject of the Underlying Action occurred on or about July 16, 2018.

28.    Farruggio received notice of the Underlying Action and copies of the summons and legal papers in connection with the Underlying Action on July 23, 2021.

29.    The first notice provided to Travelers of the Underlying Action or the fall that is the subject of the Underlying Action, by or on behalf of Farruggio, was on February 22, 2022.

30.    Farruggio failed to comply with the Commercial General Liability Conditions of the Travelers Policy by failing to notify Travelers of the Underlying Action, or the fall that is the subject of the Underlying Action, as soon as practicable.

31.    Travelers has been called upon under the Travelers Policy to provide defense and indemnity to Farruggio in the Underlying Action and to pay any judgment or compromises that might be rendered against Farruggio in favor of the Estate of Sheryl Long in the Underlying Action.

32. Travelers is providing Farruggio a defense in the Underlying Action under a complete reservation of rights.

33. Therefore, there exists an actual controversy and dispute between the parties hereto involving the obligation of Travelers to defend and indemnify Farruggio in the Underlying Action.

34. Travelers denies that it has any obligation to provide insurance coverage for the claims and causes of action asserted by the Estate of Sheryl Long against Farruggio under the Travelers Policy on the grounds that Farruggio failed to comply with the condition precedent to coverage under the Travelers Policy requiring it to give notice to Travelers as soon as practicable in the case of an occurrence or suit, by failing to so notify Travelers of the events of the July 16, 2018 fall and/or the July 23, 2021 service of the Underlying Action until February 22, 2022.

## **PRAYER**

WHEREFORE, Travelers respectfully requests that this Honorable Court issue a judgment as follows:

1. Declaring that there is no coverage under the Travelers Policy for Farruggio in the Underlying Action or any damage or judgment against Farruggio arising there from;

2. Declaring that Travelers owes no duty to defend or indemnify Farruggio in the Underlying Action;

3. Declaration that Travelers is not liable to pay or satisfy any claims, judgments, or awards against Farruggio in the Underlying Action;

4. Granting an award in favor of Travelers for the costs of suit incurred herein; and

5. Granting such other and further relief as the Court may deem just and proper.

TRAVELERS CASUALTY INSURANCE COMPANY
OF AMERICA
By Counsel

/S/ Kara K. Bennis
Kara K. Bennis, Esquire, VSB No. 65266
Schoenberg & Associates
*Mailing: PO Box 2903, Hartford, CT 06104-2903*
14200 Park Meadow Drive, Suite 310N
Chantilly, Virginia 20151
(571) 287-6554 – Telephone
(877) 841-1296 – Facsimile
kbennis@travelers.com
*Counsel for Plaintiff Travelers Casualty Insurance Company*